IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FABIAN D. TINNER,**

                    Petitioner,

        v.                              CASE NO. 12-3241-SAC

**TENTH JUDICIAL DISTRICT
OF KANSAS, et al.,**

                    Respondents.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the full filing fee. The court has reviewed the petition and enters the following order of dismissal.

    Petitioner owes a considerable arrearage of child support. In September 2012, a hearing officer entered a confinement order scheduled to begin in November 2012 that would require him to serve weekends in jail unless he began to pay on the child support obligation. That order was stayed by petitioner's appeal to a state court. The court has found no record of any state appellate court action concerning this matter.

    This habeas corpus action is governed by 28 U.S.C. § 2254. Under § 2254(b)(1), a habeas corpus petition may not be granted unless it appears that the petitioner has exhausted state court remedies or that no adequate remedy exists. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The exhaustion requirement is met when the federal claim for relief has been properly presented "to the highest state court, either

by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner has the burden of showing his exhaustion of available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Here, the record does not suggest that petitioner has pursued his claims in the state appellate courts. Until petitioner has done so, this court must dismiss this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 18th day of January, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge