IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FABIAN D. TINNER,

      Petitioner,

   v.         CASE NO. 12-3241-SAC

TENTH JUDICIAL DISTRICT OF KANSAS,
et al.,

      Respondents.

**MEMORANDUM AND ORDER**

  This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. By its order of January 18, 2013, the court dismissed this matter without prejudice, finding that petitioner had not demonstrated exhaustion of state court remedies.

  Petitioner has filed a motion to disqualify (Doc. 5), motion for new trial (Doc. 6), motion for leave to amend petition (Doc. 7), a supplement to the motion for leave to amend (Doc. 8), and exhibits to support the motion to disqualify and for new trial (Docs. 9 and 10).

*The motion to disqualify*

  The court liberally construes this pleading as a motion for recusal. Petitioner contends the court has shown bias in favor of the Tenth Judicial District of Kansas, and he reiterates his challenge to the decision rendered by the child support hearing officer.

  This motion is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Pursuant to 28 U.S.C. § 144, a party may request a judge to recuse himself due to personal bias or prejudice. The moving party must

present a timely and sufficient affidavit, and this affidavit must "state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 989 (10th Cir. 1987). The affidavit must be "strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *SEC v. Solv-Ex Corp.*, 164 F. Appx. 765, 766 (10th Cir. 2006)(citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)).

Pursuant to § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard governing this decision "is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002)(citation omitted). The recusal statutes "must not be so broadly construed that [they] become[], in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1983); *see Bryce*, 289 F.3d at 659. *See also Hinman*, 831 F.2d at 939 ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.").

The court has carefully considered the petitioner's motion and argument and concludes there is no proper basis for recusal in this matter. While petitioner broadly alleges bias, he does not address the basis for the dismissal in this matter, namely, his apparent failure to exhaust state court remedies before commencing this action. The dismissal in this matter is without prejudice, and the court has not undertaken a review of the merits of this matter. Accordingly,

the court concludes the petitioner's assertion of bias is not one upon which the court's impartiality reasonably could be questioned. The motion is denied.

*Motion for new trial/motion for leave to amend petition*

The court has liberally construed these motions as seeking relief from the order of dismissal. After a review of these materials, the court finds no basis to grant relief. Petitioner has not addressed the sole basis for the dismissal of this action, the failure to exhaust state court remedies. Rather, he continues to attack various aspects of the child support proceedings against him. None of these allegations, taken as true, is sufficient to overcome the fact that petitioner has not yet met the exhaustion requirement to proceed in habeas corpus. *See* 28 U.S.C. § 2254(b)(1). The motions are denied.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to disqualify (Doc. 5), for new trial (Doc. 6), and for leave to amend the petition (Doc. 7) are denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 5th day of February, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge